REMNANTS OF THE JEREMIAH. See Cases Nos. 7,289 and 7.290.

REMNANTS OF THE CAITHNESHIRE. See Case No. 2,294.

---

## Case No. 11,698.

### In re REMSEN.

[9 Ben. 260.] [1]

District Court, E. D. New York. Nov., 1877.

BANKRUPTCY — COMPOSITION — AGREEMENT OF BANKRUPT'S WIFE—ENFORCEMENT OF COMPOSITION ON DEFAULT OF BANKRUPT.

1. The district court as a court of bankruptcy will not compel, by summary proceeding, one who has become a party to the composition, and agreed to secure the payment of the composition notes to be given by the bankrupt, to give such security where the notes have not been given, and the bankrupt has apparently abandoned the intention of carrying out the composition, nor will it compel the giving of such security where the liability is that of a mere surety. The liability, whether considered as that of a party to the composition proceedings or of a surety. should be determined in a plenary suit.

2. The court will not compel the performance by the bankrupt of an order after default where there is no proof of service of the order in the manner required thereby, and where such order has been made ex parte.

3. An order will not be made directing the bankrupt to comply with the terms of composition, where it appears that default has already been made by him, and it does not appear that the creditors are willing to proceed with the composition after such default.

4. A party interested is not entitled. as matter of right, to ask the summary enforcement of a composition by order of the court.

[In the matter of George B. Remsen, a bankrupt.]

Resolutions of composition were proposed by the bankrupt, and were duly passed and confirmed, providing that the creditors should receive sixty cents on the dollar, payable in instalments, to be evidenced by the promissory notes of the bankrupt, and to be secured by the execution and delivery of a mortgage for the full amount of the notes upon a homestead farm at Hempstead, and by the execution and delivery of an assignment of various bonds and mortgages standing in the name of the bankrupt's wife, and remaining in her possession. The resolutions required the bankrupt to execute and deliver such promissory notes within ten days from the entry of the confirmatory order, and to execute and cause to be executed and delivered, the mortgage and the assignment from his wife. The wife of the bankrupt, by an instrument in writing, under seal, attached

---

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

to the resolutions, agreed with the creditors that she and her estate should be bound thereby as fully as if she had been a party to the proceedings originally. The bankrupt disappeared before the expiration of the ten days specified in the confirmatory order, without having executed or delivered the composition notes, and without having caused to be executed the mortgage and the assignment. A motion was made by the assignee in bankruptcy, who was also trustee under the resolutions of composition, and by certain creditors, to compel the bankrupt and his wife to execute and deliver the notes, mortgage and assignment, in accordance with the resolutions.

John J. Allen, for bankrupt.

BENEDICT, District Judge. Assuming the bankrupt's wife to be a party to the composition, and now subject to the jurisdiction of this court, and assuming also the sealed instrument executed by the wife to be valid and binding as to her separate estate; nevertheless, it is clear that she should not be compelled by the summary order of this court to make the transfer of mortgage sought to be obtained by this proceeding, and for this reason: the conveyance in question was by the terms of the resolution to be security for the payment by the bankrupt of certain notes to be given by him. These notes have never been given, and the bankrupt appears to have absconded and abandoned all intention of carrying out the composition.

If, under such circumstances, the wife were compelled to transfer these mortgages to the trustee, her position would be different from what it would have been had the notes been given which it is claimed she is bound by the terms of the composition to secure. She should not be compelled by a summary order to assume a liability which, if no larger in amount, must of necessity be different in character from that contemplated by the resolution, owing to the non-existence of the notes that it was the intention to have secured by these mortgages.

In regard to creditors, it has been said that they are bound only if the debtor performs his part of the composition agreement, according to its terms, and to enforce the resolution as against the creditor after a default on the part of the debtor would in effect make a new agreement. Bump, Comp. p. 20. In this case, not only has the debtor omitted to give the composition notes according to the agreement, but he has abandoned the intention of making any further payment on the composition.

The reason applicable to the creditors holds good in regard to the liability of this wife to perform her part of the composition agreement, so abandoned by the debtor, if it be true that she has so made herself a party to the proceedings as to render her subject to the jurisdiction of this court.

If, on the other hand, her liability is that of a mere surety, such a liability should not be enforced by summary order. Bump, Comp. p. 21. Furthermore, I am of the opinion that this married woman should be allowed the opportunity to contest in a plenary suit the question of the liability of her separate property by reason of her acts in connection with her husband's composition, especially as one ground of such liability is an instrument not incorporated into the resolution itself, executed by the wife under seal. and purporting in consideration of one dollar and other good and valuable consideration, to bind the wife, her separate estate, her heirs, executors and administrators, and which instrument is by no means clearly a part of the composition resolution.

I should also remark that it does not appear that all of the creditors of the bankrupt are willing to proceed with the composition, since the default of the bankrupt to perform his part thereof. It is not seen how, in the absence of such consent, the terms of the composition can be enforced.

The motion must be denied.

The foregoing opinion was delivered upon the supposition that the question upon which the opinion of the court was desired, related solely to the right of the moving party to an order against the wife of the bankrupt requiring her to make the transfer of property referred to in the opinion, and the order of September 5th, 1877, was considered as having no other effect upon the question than that of an order to show cause why such order should not be made against the wife.

My attention has since been directed to the fact that the application also covered an order for the arrest of the bankrupt for failure to comply with the order of September 5th. and I am asked to dispose of that part of the application.

I therefore say further, as regards the bankrupt. that upon this application no order can be made against the bankrupt by default, for the reason that there is no proof of service of the order of September 5th, in the manner required thereby. Proof that the order was left with the bankrupt's wife at the village of Hempstead, is not proof that the order was left at the bankrupt's last known place of abode, which is the mode of service prescribed by the order of September 5th.

Furthermore, I am not certain that the mode of service prescribed by the order of September 5th, is sufficient, in a case like this where the bankrupt has left the district. to give to the bankrupt that reasonable notice which the statutes require; and it seems clear that a failure to comply with that order cannot be made a foundation for such an order as is now sought, inasmuch as the order was made ex parte. The provision of statute is that any disobedience of the order of the court, made on such notice, shall be deemed to be a contempt of court.

And besides, if this was an application for an order directing the bankrupt to comply with the terms of the composition made on reasonable notice to the bankrupt. I should hesitate to grant the application, in view of the fact that default has already been made by the bankrupt, and it does not appear that the creditors are willing to proceed with the composition after such default; while it does appear that by reason of said default the wife of the bankrupt declines to furnish the security contemplated by the composition.

I do not understand that any party interested is entitled, as a matter of right, to ask the summary enforcement of a composition by order of the court, and this case appears to me to be one where such an order should be refused.

The motion as against the bankrupt is therefore also denied.

---

RENAULD (ENDICOTT v.). See Case No. 4,-482.

RENCH (BURRITT v.). See Case No. 2,-201.

RENCH (PENDALL v.). See Case No. 10,-917.

RENDELL (UNITED STATES v.). See Case No. 16,147.

RENKIN (COE v.). See Case No. 2,943.

RENNEL (McDONALD v.). See Case No. 8,-765.

RENNELL (SHOREY v.). See Cases Nos. 12,-806 and 12,807.